TERRY E. MARLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marler v. Commissioner
Docket No. 6334-80.
United States Tax Court
T.C. Memo 1983-311; 1983 Tax Ct. Memo LEXIS 477; 46 T.C.M. (CCH) 315; T.C.M. (RIA) 83311; June 2, 1983. *477 Terry E. Marler, pro se. Miles D. Friedman, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a deficiency of $6,087.65 in petitioner's 1976 Federal income tax. The sole issue for decision is whether petitioner is entitled to certain miscellaneous business deductions in excess of amounts allowed by respondent. Petitioner, Terry E. Marler, resided in San Diego, California, when he filed his petition in this case. During 1976, petitioner was self-employed as a gardener. All equipment and supplies necessary for use in petitioner's business were stored at his personal residence. Petitioner also performed all bookkeeping and maintained all business records at his personal residence. During the year in issue, petitioner resided in a rented eight-room house which he shared with two other unrelated individuals. None of the rooms therein were used exclusively as an office for petitioner's business. On his 1976 Federal income tax return, petitioner claimed numerous deductions in computing his tax liability. The following chart shows the deductions claimed by petitioner and allowed by respondent in the notice of deficiency: *478 Taxpayer's Tax Return
Notice of Deficiency
Rent
$4,015.17
Payroll taxes
843.44
305.00
Legal and Professional Fees
5,636.06
2,350.00
Travel
8,112.28
842.00
Auto expenses
6,653.67
1,527.00
$25,260.62
$5,024.00
In addition, petitioner claimed $3,319.14 as labor expenses in computing the cost of goods sold in his gardening business. Respondent disallowed $259.00 of these expenses. Respondent's determination is presumptively correct and petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Other than his own self-serving testimony, petitioner presented absolutely no evidence to prove that he actually expended the amounts claimed on his 1976 Federal income tax return. Petitioner's self-serving testimony largely consisted of conclusory statements which we do not accept as fact. See South Texas Rice Warehouse Co. v. Commissioner,366 F. 2d 890, 898 (5th Cir. 1966), affg. 43 T.C. 540 (1965), cert. denied 386 U.S. 1016 (1967). On the record before us, we hold that petitioner has failed to *479 meet his burden of proof. Accordingly, petitioner may not deduct any of the claimed expenses or labor fees beyond the amount allowed by respondent. To reflect the foregoing, Decision will be entered for the respondent.